UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEMETRION BREWER,

Defendant.
____________________________ /

Case No. 26-CR-20075

F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING**
**MOTION TO SUPPRESS (ECF No. 12)**

## I. PROCEDURAL HISTORY

On May 19, 2026, Defendant, Demetrion Brewer, filed a motion to suppress all evidence seized during the search of Brewer and his vehicle during a traffic stop. (ECF No. 12). The government opposes the motion. (ECF No. 13). On August 12, 2026, the court held an evidentiary hearing at which Michigan State Trooper Nicholas Salski testified. (ECF No. 17). For the reasons set forth below, the court **DENIES** the motion to suppress.

## II. FACTUAL BACKGROUND

On October 3, 2025, the state police noticed a car roll through a stop sign without fully stopping at the intersection of Holbrook Avenue and

Saginaw Street in Flint, Michigan. (ECF No. 17, PageID.66). The car then made a northbound turn onto Saginaw Street and made an improper left turn by failing to turn into the closest lane available, which would have been the left northbound lane. *Id*. The state police pulled the car over for the traffic violations of failing to stop at a stop sign and an improper left turn where the car failed to turn into the closest lane available. *Id*. at PageID.66-67.

Brewer was the driver and another person occupied the front passenger seat. *Id*. at PageID.68-69. During the initial discussion between the troopers, Brewer, and the passenger, Trooper Salski detected the odor of burnt marijuana coming from the car. *Id*. PageID.69. Trooper Salski explained the reasons he initiated the traffic stop to Brewer. *Id*. at PageID.70. After identifying Brewer and receiving the vehicle registration, the state police ran his information through LEIN and learned that he had an outstanding arrest warrant, as did the passenger. *Id*. at PageID.70, 73. They then had Brewer and the passenger exit the car to detain them. *Id*. at PageID.74. Trooper Salski explained that they decided to have them exit the vehicle and to detain them until they could confirm if the agencies with the warrants were going to want them and for officer safety. *Id*. at PageID.75-76. When Brewer did so, a trooper saw, in plain view, a marijuana bottle container in the driver side door

cubby. *Id*. at PageID.76. Trooper Salski knew it was a marijuana container through his experience. *Id*. Trooper Salski asked Brewer when someone last smoked marijuana in the car. Brewer said, "it's been a long time, sir. We . . . I just got in the car. There's probably some tails or something in the car but they ain't . . . " (Bodycam video, at 9:40). The trooper understood "tails" to be slang for the small leftover burnt end of a marijuana joint. (ECF No. 17, PageID.77). The trooper informed Brewer that he could still smell burnt marijuana coming from the car. *Id*. Brewer indicated that it had been weeks or months since someone had smoked marijuana in the car, but Trooper Salski explained that the strength of the odor he could detect was not that of weeks or months ago; it was much more recent. *Id*. at PageID.78-79. This assessment was based on his training and experience. *Id*. at PageID.79. At this point, with the odor of burnt marijuana detected, the marijuana container observed, and the presence of tails in the vehicle, Trooper Salski explained that it became a misdemeanor marijuana use investigation. *Id*. at PageID.79-80.

The trooper then began searching Brewer's car. *Id*. at PageID.82. He found (1) a loaded gun under the driver's seat, (2) a marijuana container in the driver side door handle slot, and (3) several burnt marijuana roaches in the center console ashtray. *Id*. at PageID.82-83.

## III. ANALYSIS

### A. Legal Standard

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. Amend. IV. An ordinary traffic stop by the police is considered a "seizure" within the meaning of the Fourth Amendment. *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008); *see also Arizona v. Johnson*, 555 U.S. 323, 330 (2007); *Brendlin v. California*, 551 U.S. 249, 255-56 (2007) (holding that once a car is stopped, its occupants have been seized). Accordingly, "any evidence seized during an illegal traffic stop must be suppressed as 'fruits of the poisonous tree.'" *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999) (quoting *Wong Sun v. United States*, 371 U.S. 471, 484 (1963)).

### B. Odor of Burnt Marijuana and Visible Marijuana Sufficient Under Federal Law to Establish Probable Cause

Brewer concedes that the initial traffic stop was justified by a traffic violation, ECF No. 12, PageID.33, and that the outstanding Tennessee arrest warrant justified his detention. *Id*. at PageID.35. Instead, Brewer argues that the "mere odor" of marijuana is no longer per se evidence of criminal activity.

As Brewer notes, the Michigan Regulation and Taxation of Marihuana Act (MRTMA) generally decriminalized the use and possession of marijuana by adults aged 21 and older. Under the MRTMA, adults may possess up to 2.5 ounces of marijuana. *See* Mich. Comp. Laws § 333.27955(1)(a). But the Act does not permit the use of marijuana in a public area, Mich. Comp. Laws § 333.27954(1)(e); "smoking marihuana within the passenger area of a vehicle upon a public way," Mich. Comp. Laws § 333.27954(1)(g); or operating a vehicle while under the influence of marijuana, Mich. Comp. Laws § 333.27954(1)(a). Brewer argues that, under Michigan law, that residual odor of marijuana alone does not reasonably support an inference of present unlawful use, citing *People v. Armstrong*, 344 Mich. App. 286, 297 (2022). Brewer contends that under state law, neither the fact that the officers smelled burnt marijuana nor the observation of a marijuana container in the driver side door support a reasonable suspicion of unlawful conduct because marijuana use, by itself, is not illegal in Michigan. Brewer further points out that when asked about marijuana use, Brewer said people had smoked in the vehicle, but not recently, and that there might be marijuana roaches inside. That statement, according to Brewer, did not suggest current public use, impairment, or possession of an unlawful amount of marijuana. Nor did

the officers report smoke, an open container, or signs that Brewer was under the influence. Brewer contends that under these facts, there was neither reasonable suspicion nor probable cause to support the search.

The government, on the other hand, argues that the state police had probable cause to search Brewer's car for marijuana. Probable cause is "not a difficult standard to meet." *United States v. Whitlow*, 134 F.4th 914, 919 (6th Cir. 2025). It only requires a "fair probability" that an officer will find contraband or evidence of a crime. *United States v. Sanders*, 106 F.4th 455, 461 (6th Cir. 2024) (en banc) (quotation omitted). A probable-cause determination is made based on the totality of the circumstances, which "includes a realistic assessment of the situation from a law enforcement officer's perspective." *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993). "Just as 'any amount of illegal contraband' can establish probable cause 'to seize it,' so too can any amount of illegal contraband establish probable cause to conduct a warrantless search of a vehicle." *United States v. Whitlow*, 134 F.4th at 922 (quoting *United States v. Sheckles*, 996 F.3d 330, 341 (6th Cir. 2021)).

The combination of the marijuana odor, the marijuana bottle container, and Brewer's admission that tails were "probably" in the car established a fair

probability that the trooper would find marijuana in the car. Under federal law, the smell of marijuana alone provides probable cause to search a car. *United States v. Santiago*, 139 F.4th 570, 574 (6th Cir. 2025). In this case, along with the odor of burnt marijuana, the trooper also observed a marijuana bottle container in the pocket of the driver side door and Brewer admitted that there were probably marijuana roaches in the car. This provided probable cause to search the vehicle. *United States v. Hollin*, 459 F. App'x 535, 540 (6th Cir. 2012) ("The discovery of the marijuana roaches in plain view provided a basis to believe there was probable cause to search the Apartment."); *see also United States v. Stevenson*, 43 F.4th 641, 648 (6th Cir. 2022) ("So the smell of marijuana, Stevenson's admission [that there was marijuana in the car], or the discovery of marijuana, itself—pick any—gave [the officer] probable cause to continue searching the entire car for marijuana, including the glove compartment.").

There is no question that marijuana possession is illegal under federal law. 21 U.S.C. § 844(a). As the Sixth Circuit explained in *Whitlow*, "[w]hen federal law authorizes state-officer enforcement or is otherwise silent, the Fourth Amendment does not prevent state officers from enforcing federal law." 134 F.4th at 920 (finding that the officer's observation of marijuana in the

center console area provided probable cause of a federal-law violation for a warrantless automobile search). There, because Ohio law was silent on whether a state officer could enforce the federal Controlled Substances Act (CSA), the state officer could enforce the federal law prohibiting marijuana possession. As the government points out, *Whitlow's* holding also applies in Michigan, as the Sixth Circuit held in *United States v. Hinds*, No. 22-1848, 2025 WL 2268122, at *3 (6th Cir. Aug. 8, 2025) ("*Whitlow* controls here . . . [because] Michigan law is silent on a state officer's enforcement of the CSA."). The officers "permissibly acted to enforce federal marijuana law" even though Hinds had a Michigan medical marijuana license and took actions "arguably legal under Michigan law." *Id*. The Sixth Circuit affirmed the district court's denial of Hinds' motion to suppress because "the officers had probable cause to believe they would find evidence of a federal crime in the car." *Id*. at *2. The present case is indistinguishable from *Hinds*. Accordingly, the state troopers had probable cause to believe they would find marijuana in Brewer's car, in violation of the CSA.

C. <u>The Automobile Exception Applies</u>

That probable cause authorized the troopers to search Brewer's vehicle without a search warrant under the automobile exception. *Collins v. Virginia*,

584 U.S. 586, 592 (2018) ("[O]fficers may search an automobile without having obtained a warrant so long as they have probable cause to do so."); *United States v. Peake-Wright*, 126 F.4th 432, 438 (6th Cir. 2025) ("The automobile exception permits officers to search a vehicle without a warrant if they 'have probable cause to believe that the vehicle contains evidence of a crime.'" (citation omitted)). Once the trooper saw the gun, he also had probable cause to believe that Brewer violated Michigan's law against carrying a concealed weapon: "a person shall not carry a pistol . . . whether concealed or otherwise, in a vehicle operated or occupied by the person . . . ." Mich. Comp. Law § 750.227(2). Accordingly, the trooper could also seize the firearm under the automobile exception.

Brewer's citation to state law is unavailing because even if the troopers lacked probable cause under state law to search his car, they had probable cause under federal law, per *Hinds*. Moreover, federal law governs the admissibility of evidence in federal criminal trials, and the Fourth Amendment is neither enlarged nor diminished by state law. *United States v. Wright*, 16 F.3d 1429, 1435-37 (6th Cir. 1994) (holding "that the appropriate inquiry for a federal court considering a motion to suppress evidence seized by state police officers is whether the arrest, search, or seizure violated the Fourth

Amendment.”). If the police conduct does not violate the Federal Constitution, then an “arrest, search, or seizure [that] may have violated state law is irrelevant.” *Id*. at 1437.

## IV. CONCLUSION

For the foregoing reasons, the motion to suppress is **DENIED**.

**SO ORDERED**.

Date: September 1, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge